UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin J. Rogers

   v.                                        Civil No. 16-cv-107-JL

New Hampshire Circuit Court,
4th Circuit, Family Division-Laconia;
Chief Judge Kevin Gordon;
Court Clerk Michelle Brown; and
Presiding Judge Michael Garner

### REPORT AND RECOMMENDATION

Pro se plaintiff, Kevin J. Rogers, has filed a complaint, entitled "Verified Complaint for an Ex-Parte Temporary Restraining Order" (doc. no. 1).  That complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).  The request for a preliminary injunction set forth in that filing was previously denied.  See Mar. 22, 2016, Order (doc. no. 3).

### Preliminary Review Standard

The magistrate judge in this court conducts a preliminary review of complaints filed in forma pauperis.  See LR 4.3(d)(2). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or

the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

This case arises out of a contested divorce proceeding, Case No. 650-2015-DM-0195 (N.H. Cir. Ct., 4th Cir., Family Div.-Laconia) ("divorce case").  Plaintiff asserts that his wife did not correctly serve the divorce petition upon him in that case, and that scheduling orders and other orders adverse to his interests in the divorce case have violated his due process rights and his rights under Title II of the Americans with Disabilities Act ("ADA").  Plaintiff has requested only injunctive relief in this case.

Plaintiff's ADA Title II and 42 U.S.C. § 1983 claims are based on plaintiff's assertions that, because of his frequent hospitalizations and medical appointments, heart problems, and bronchiectasis, he was unable to keep up with discovery requests

and motion practice in the divorce case, and could not conduct sufficient discovery to establish his own claims and defenses, prior to the hearing that was scheduled for March 23, 2016. Plaintiff further asserts that the family court judge appears to have been biased against him, and denied the extensions of time Rogers requested. Rogers asserts that he intends to appeal rulings in that case to the New Hampshire Supreme Court, but believes that the procedural requirements for such appeals are onerous, and that the state appellate process will not prevent irreparable harm.

The docket in Rogers's divorce case indicates that counsel appeared on Rogers's behalf in a hearing that was held on March 23, 2016. The March 23 proceeding was not the last evidentiary hearing in that case; a final hearing in that matter was scheduled for May 5, 2016. Following the May 5 hearing, the family court issued an interim order. As of May 24, 2016, the divorce case remained pending in the state court.

## Discussion

**I.   Claims under 42 U.S.C. § 1983**

    A.   Claims against Judges

Rogers's claims concerning violations of his Fourteenth

Amendment rights in the divorce case are construed as intending to state claims against the presiding judge in the divorce case and the Chief Judge of the court in which that case is being litigated, for injunctive relief under 42 U.S.C. § 1983. Section 1983 bars claims for injunctive relief asserted against judges for actions taken in their judicial capacity, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006). Rogers has not shown that any declaratory decree has been violated, or that declaratory relief is unavailable. Accordingly, Rogers's injunctive relief claims asserted under § 1983 against the judges should be dismissed.[1]

B. Eleventh Amendment

Rogers has named the New Hampshire Circuit Court, 4th

---

[1] Rogers has not asserted a § 1983 claim for damages against the judges he has named as defendants. Nor could he, based on the allegations at issue. Absolute immunity, precluding a suit at the outset, applies to "any normal and routine judicial act" undertaken within the scope of the judge's jurisdiction, "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see also Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (court clerk entitled to absolute immunity, derivative of judge's immunity, where clerk is alleged to be liable for carrying out judge's directives); Atherton v. D.C. Office of Mayor, 567 F.3d 672, 682 (D.C. Cir. 2009) (absolute immunity applied to court clerk "accused of issuing a false order against a pro se plaintiff barring his access to the court" (citation omitted)).

Circuit, Family Division-Laconia, as a defendant.  That court is an agency of the State judiciary, and is immune from suit under § 1983, brought by private parties in federal court.  See Stegeman v. Georgia, 290 F. App'x 320, 322-23 & n.4 (11th Cir. 2008).  Accordingly, Rogers's claims asserted under § 1983 against the state court should be dismissed.

## II.  Younger Abstention

Under Younger v. Harris, 401 U.S. 37 (1971),

> federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances. . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."

Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st Cir. 2009) (citations omitted); see also Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (Younger may apply in "'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions'" (citation omitted)).  When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

The Younger abstention doctrine applies here, as the relief plaintiff seeks is an injunction directing the state court to alter the schedule of that case, including hearings, filing deadlines, and discovery deadlines.  See Sobel v. Prudenti, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014) (court abstained under Younger in case in which parent claimed that rulings in state child support case violated her rights under ADA Title II and due process); Braverman v. New Mexico, No. CIV. 11-0829 JB/WDS, 2012 U.S. Dist. LEXIS 155677, at *93, 2012 WL 5378292, at *26 (D.N.M. Sept. 30, 2012) (court abstained under Younger where plaintiff filed federal lawsuit to obtain damages and injunctive relief against judge, special master, and state court in ongoing divorce proceeding, based on allegations that defendants had violated ADA Title II and her rights to due process in divorce proceeding).  Rogers's request for injunctive relief would target, and substantially interfere with, the procedures established by the family court for disposing of matters before it, implicating important state interests in domestic relations and the division of property between the parties in a divorce proceeding.  Plaintiff has an adequate opportunity in that case to raise his federal constitutional claims of discrimination and/or due process violations, and he can appeal adverse orders

to the New Hampshire Supreme Court.  Furthermore, Rogers has not shown an inability to raise the ADA Title II issues presented here, and request the accommodations sought here, in the state proceedings, where the requested accommodation is in the nature of a motion to alter the timing of discovery and the schedule of trial proceedings.

The family court has inherent power to control its proceedings and to issue orders for the purpose of ensuring that all parties have a full and fair opportunity to advance claims and defenses.  See In re O'Neil, 159 N.H. 615, 622, 992 A.2d 672, 677 (2010).  Such inherent authority of the judiciary logically includes the capacity to make rulings regarding the case schedule that may be necessary to ensure a party's full participation, despite health issues or a disability.  Rogers can appeal adverse orders relating to the case schedule to the New Hampshire Supreme Court, and he may litigate ADA claims in the state courts.  Rogers has failed to make a sufficient showing of bad faith or other extraordinary circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case.

Because all three Younger factors are present in the instant case, this court's abstention is mandatory.  Rogers's

claims for injunctive relief, seeking to stay or otherwise enjoin the family court's disposition of the divorce case, should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Garayalde-Rijos v. Mun. of Carolina</u>, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 3, 2016

cc:  Kevin J. Rogers, pro se